# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| MICHAEL D. LOFINO, TRUSTEE, | : | CASE NO. 3:98-cv-250 |
| | : | |
| PLAINTIFF, | : | |
| | : | Magistrate Judge Michael R. Merz |
| VS. | : | |
| | : | |
| CITY OF BEAVERCREEK, OHIO | : | AGREED ORDER MODIFYING |
| | : | TERMS OF AGREED ORDER UPON |
| DEFENDANT. | : | SETTLEMENT |

The parties to this action, Barbara Gigante, as Successor Trustee of the Charles J. Lofino Grandchildren's Trust (the "Plaintiff") and the City of Beavercreek, Ohio (the "Defendant") having by Joint Motion (ECF No. 54) requested an amendment and modification of the Agreed Order upon Settlement filed with this Court on May 17, 2000 (Doc. No. 53), and this Court having hereby found for the reasons set forth in the Joint Motion to Amend and Modify the Agreed Order upon Settlement filed May 17, 2000, that there exist reasons for which this Court's earlier order of settlement should now be amended and modified.

The parties have unanimously consented to plenary Magistrate Judge jurisdiction under 28 U.S.C. § 636(c) and District Judge Marbley has referred the case on that basis (ECF No. 13). In the Conditional Dismissal Order (ECF No. 52), the Court retained jurisdiction to enforce or modify the Agreed Order Upon Settlement.

The parties agree, and it is therefore ordered, as follows:

1. Defendant has fully complied with and satisfied its obligations under paragraphs one (1), three (3) and four (4) of the Agreed Order upon Settlement filed May 17, 2000.

2. Paragraph two (2) of the Agreed Order upon Settlement filed May 17, 2000, is hereby vacated in its entirety except as Paragraph two (2) pertains to the outlot development. More specifically Paragraph two (2) sections (f), (k), and (m). The outlot development shall continue to be regulated by the conditions in Ordinance 00-27 associated with PUD 97-1 and PUD 97-1 Specific Site Plan #1.

3. This development shall generally conform to the PUD 97-1 Major Modification 08-18 plan dated "Received August 15, 2018," and the PUD 97-1 Specific Site Plan #2 plans dated "Received October 14, 2008" except as modified by the City of Beavercreek.

4. The minimum building setbacks will be established at the Specific Site Plan stage but shall generally conform to the setbacks indicated on the approved concept plan.

5. Points of access shown on the concept plan and any necessary cross-access easements are subject to City of Beavercreek final review and approval at Specific Site Plan stage.

6. Building plans, designs, and elevations shall be subject to final review and approval by the Beavercreek Planning Commission and Beavercreek City Council at the Specific Site Plan stage.

7. The majority of the exterior construction materials must consist of wood, stone, hardy plank, and/or brick or other similar composite or natural minerals acceptable to the Beavercreek Planning Commission and Beavercreek City Council at the

Specific Site Plan stage for all buildings within this PUD, including the future outparcel. Exterior colors shall be a mixture of earth tones and subdued colors such as browns, tans, dusty greens, warm grays, and rusty reds. White may only be used as an accent color and shall not be used as the primary color of any structure.

8. All architectural materials and treatments shall be incorporated on all four sides of any and all buildings within the development and shall be subject to approval at the Specific Site Plan stage.

9. The maximum height of the buildings within this PUD, excluding the decorative architectural features, shall be 40 feet.

10. The landscape mound along Kemp Road shall be reviewed at the Specific Site Plan stage and is not part of this approval. Should the mound be considered as part of the Specific Site Plan, it shall not exceed 6 feet in height.

11. The existing 15-foot earthen mound along the eastern edge of the property shall remain in place in perpetuity.

12. The 6.572 acre tract of land conveyed to the City of Beavercreek shall not be considered as part of this or any future application when considering green space compliance requirements.

13. The property owners within this development, through a Reciprocal Easement Agreement (REA), will be responsible for the upkeep and maintenance of the detention pond on the City of Beavercreek's parkland, as it serves the sole purpose of stormwater detention for the adjacent private development.

14. The parties agree to take any and all reasonable action and to execute all necessary documents to effectuate the terms of this Agreement.

15. All provisions of the Agreed Order upon Settlement not specifically modified or referenced herein shall remain in full force and effect.

16. The parties hereto shall abide by the terms of this Agreed Order Modifying Terms of Agreed Order upon Settlement.

17. Each party shall be responsible for its/his own attorney fees and expenses incurred herein. Any court costs due in connection with the filing of this Agreed Order Modifying Terms of Agreed Order upon Settlement shall be paid by Defendant upon filing.

IT IS SO ORDERED.

November 8, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

Stipulated and agreed to this 6th day of November, 2018.

Agreed to by:

| PICKREL, SCHAEFFER & EBELING CO., L.P.A. | COOLIDGE WALL CO., L.P.A. |
|---|---|
| */s/ Jon M. Rosemeyer* | */s/ Stephen M. McHugh* |
| _____ | _____ |
| Jon M. Rosemeyer (0018797) | Stephen M. McHugh (0018788) |
| 40 N. Main Street, Suite 2700 | Amelia N. Blankenship (0082254) |
| Dayton, Ohio 45423 | 33 West First Street, Suite 600 |
| Tel: 937/223-1130  Fax: 937/223-0339 | Dayton, Ohio 45402 |
| E-Mail: jrosemeyer@pselaw.com | Tel: 937/223-8177  Fax: 937/223-6705 |
|  | E-Mail: mchugh@coollaw.com |
| *Counsel for Plaintiff Barbara Gigante, Successor Trustee of the Charles J. Lofino Grandchildren's Trust* | *Counsel for Defendant City of Beavercreek, Ohio* |

00980446.docx